### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (ALEXANDRIA)

| | |
|---|---|
| EUDOSIO TOVIAS BRAVO GIL<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>    PLAINTIFF,<br><br>v.<br><br>L.T. SERVICES, INC.<br>2815 Hartland Road, Suite 300<br>Falls Church, Virginia 22043<br><br>SERVE:  Michael Nguyen<br>2815 Hartland Road, Suite 300<br>Falls Church, Virginia 22043<br><br>And<br><br>FLORES CLEANING COMPANY, LLC<br>5714 Ridgeway Avenue<br>Rockville, Maryland 20851<br><br>SERVE:  Corina Xiomara Flores-Ramos<br>5714 Ridgeway Avenue<br>Rockville, Maryland 20851<br><br>And<br><br>CORINA XIOMARA FLORES-RAMOS<br>5714 Ridgeway Avenue<br>Rockville, Maryland 20851<br><br>    DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*  Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

Plaintiff Eudosio Tovias Bravo Gil a/k/a Tovia Bravo ("Plaintiff"), by and

through undersigned counsel, hereby submits this Complaint against L.T. Services, Inc.

("L.T. Services"), Flores Cleaning Company, LLC ("Flores Cleaning"), and Corina

Xiomara Flores-Ramos ("Flores-Ramos") (collectively, "Defendants") to recover unpaid

wages and statutory damages and other herein identified relief under the Fair Labor

Standards Act ("FLSA") and the Virginia Wage Payment Act ("VWPA"), and for cause,

states as follows.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of Alexandria, Virginia.

2.      By acting as the named plaintiff in this action, Plaintiff hereby affirms his

consent to participate as a plaintiff in an action to recover unpaid wages and statutory

damages under the FLSA and for all other relief sought herein.

3.      L.T. Services is a limited liability company formed under the laws of

Commonwealth of Virginia with its principal place of business in Falls Church, Virginia.

4.      For the period of least 2018 through the present ("the relevant period"),

L.T. Services directly and through its management and subcontractors, offered and

performed building maintenance, janitorial, cleaning, and related services to clients in

Virginia, Maryland, and other states and jurisdictions.

5.      For the relevant period, L.T. Services, directly and through its managers

and sub-contracted services, operated substantially and continuously in the

Commonwealth of Virginia, the State of Maryland, and a variety of other states and

jurisdictions.

6.      Flores Cleaning is a limited liability company formed under the laws of

the State of Maryland with its principal place of business in Rockville, Maryland.

7.      During the relevant period, Flores Cleaning offered and performed building maintenance, janitorial, cleaning, and related services to clients in Virginia, Maryland, and other states and jurisdictions.

8.      Flores-Ramos is an adult resident and domiciliary of Rockville, Maryland.

9.      During the relevant period, Flores-Ramos was the owner/operator of Flores Cleaning and, in this capacity, directed and managed Flores Cleaning employees' performance of building maintenance, janitorial, cleaning, and related services to clients in Virginia, Maryland, and other states and jurisdictions.

10.     During the period of at least 2016 through March 2021, Plaintiff was employed directly by Flores Cleaning and Flores-Ramos to perform maintenance, janitorial, and related services, primarily at buildings in and around Alexandria, Virginia.

11.     During the relevant period, Flores Cleaning and Flores-Ramos paid Plaintiff to perform maintenance, janitorial, and related services, primarily at office buildings in and around Alexandria, Virginia.

12.     During the relevant period, L.T. Services sub-contracted directly with Flores Cleaning and Flores-Ramos to supply employees, including Plaintiff, to perform building maintenance, janitorial, and related services, primarily at buildings in and around Alexandria, Virginia.

13.     During the relevant period, Plaintiff performed building maintenance, janitorial, and related employment work duties for the benefit of all Defendants and under the direction, supervision, and management of agents and representatives of L.T. Services and Flores Cleaning, and Flores-Ramos, individually.

14.     Under arrangements and agreements between Defendants, L.T. Services and Flores Cleaning, and Flores-Ramos, individually, supervised and directed the details, specifics, and the overall performance of Plaintiff's job duties.  As part of these agreements and arrangements, L.T. Services and Flores Cleaning, and Flores-Ramos, individually, had full authority to discipline, suspend, and or terminate Plaintiff and otherwise had full power and control over Plaintiff's job duties and performance.

15.     During the relevant period, Plaintiff performed employment work duties directly for L.T. Services, Flores Cleaning, and Flores-Ramos, individually, on jobs and projects which L.T. Services was contracted, involved, or otherwise had financial interests.

16.     In the performance of his work duties, Plaintiff knew and understood that managers and representatives on behalf of L.T. Services and Flores Cleaning, and Flores-Ramos, individually, were Plaintiff's managers and supervisors and could and in fact did dictate and direct his job duties and could and in fact did punish or discipline Plaintiff.

17.     During the relevant period, Plaintiff and other similarly situated individuals, while performing duties directly for Defendant and/or its managers and/or subcontractors on jobs and projects which Defendant was contracted, involved, or otherwise had a financial interest, were directed to represent themselves as employees of Defendant and that Defendant was directly in charge of their employment.

18.     At all times relevant, each of the Defendants qualified as Plaintiff's "employer" or "joint employer" for purposes of the FLSA and the VWPA.

4

19.     At all times relevant, each of the Defendants was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

20.     At all times relevant, each of the Defendants had annual gross sales exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

21.     At all times relevant, Plaintiff and other individuals employed by Defendants were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

22.     This Court has subject matter jurisdiction over this matter because Plaintiff brings claims against Defendants under the FLSA, a Federal labor and employment statute presenting a Federal Question for this Court.  Similarly, this Court properly confers supplemental jurisdiction over Plaintiff's interrelated Virginia state law claims.

23.     In consideration of the foregoing venue are proper in this Court.

## FACTS

24.     Plaintiff was employed by Defendants to perform building maintenance and related duties at 2 or more buildings in or around Alexandria, Virginia, for the period 2016 through March 2021.

25.     During the relevant period, Plaintiff typically and customarily worked Monday-Friday from 4:00 PM – 6:00 AM, and sometimes on Sundays starting in about November 2020.

26. While employed, Plaintiff worked, on average, about seventy (70) hours per week.

27. During the relevant period, Defendants (paid directly from Flores Cleaning and Flores-Ramos, individually) paid Plaintiff a monthly salary of $2,500.00.

28. The salary Defendants paid to Plaintiff was compensation for all hours Plaintiff worked per month, including overtime Plaintiff worked over forty (40) hours per week.

29. At no time did Defendants pay Plaintiff time-and-one-half premium overtime wages for overtime work Plaintiff performed over forty (40) hours per week.

30. Defendants' failure to pay Plaintiff overtime wages at the time-and-one-half is in direct violation of the FLSA overtime compensation requirement.

31. Defendants now owe Plaintiff his "half time" overtime wage premium for all overtime Plaintiff worked over forty (40) hours per week during the relevant period.

32. Further, Defendants required Plaintiff to pay Defendants a kind of security deposit of $2,500.00 at or near the start of his employment. This amount was to cover any damage Defendants might assert Plaintiff inflicted on properties where he performed cleaning and maintenance.

33. At the conclusion of his employment, Defendants refused to return Plaintiff's "security deposit" and instead issued Plaintiff a post-dated check (to May 1, 2021) in the amount of $1,100.00.

34. Without justification or excuse, Defendants failed and refused to pay Plaintiff his last paycheck in the amount of $436.00.

35.     Defendants now owe Plaintiff the return of the balance of the unlawfully withheld money ($1,400.00), plus payment of $436.00 unlawfully withheld from Claimant's last paycheck.

36.     Defendants now owe Plaintiff unlawfully withheld wages (including overtime wages) in the amount of about $20,500.00.

37.     On information and belief, during the relevant period of Plaintiff's employ, Defendants had actual knowledge of the Federal time-and-one-half overtime pay requirement.

38.     On information and belief, during the relevant period of Plaintiff's employ, Defendant had actual knowledge that Plaintiff was not exempt from the Federal time-and-one-half overtime pay requirement.

39.     On information and belief, during the relevant period of Plaintiff's employ, Defendant had actual knowledge that the rate and method by which Defendant paid Plaintiff for overtime worked in excess of forty (40) hours per week violated the Federal time-and-one-half overtime pay requirement.

<u>**CAUSES OF ACTION**</u>

<u>**COUNT I**</u>
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

40.     Plaintiff re-alleges and re-asserts each allegation set forth above, as if each were set forth herein.

41.     As set forth above, while in Defendants' employ, Plaintiff regularly worked overtime over forty (40) hours per week.

7

42.     As set forth above, Defendants paid Plaintiff "straight time" at Plaintiff's regular salary rate for all hours Plaintiff worked each week and failed to compensate Plaintiff fully and properly and as required by the FLSA for overtime worked over forty (40) hours per week.

43.     Defendants' actions of violating the FLSA overtime compensation requirements were not the product of objective good faith or otherwise objectively reasonable.

44.     Defendants' failure to pay Plaintiff overtime wages as required by the FLSA was willful and intentional.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid overtime wages amounts proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the VWPA Wage Payment Mandate

45.     Plaintiff re-alleges and re-asserts each allegation set forth above, as if each were set forth herein.

46.     Pursuant to the VWPA, employers must pay employees performing work duties in the Commonwealth of Virginia, such as Plaintiffs, full and timely payment of all wages due and owing for all compensable work duties performed each week.

47.     As set forth above, Defendants failed to pay Plaintiff full and timely payment of (i) Plaintiff's final paycheck and (ii) Plaintiff's wages unlawfully withheld or deducted as a "security" deposit.

48.     The wages Defendants withheld were wages due and owing to Plaintiff for compensable work duties performed by Plaintiffs for the benefit of Defendants in the Commonwealth of Virginia.

49.     On information and belief, Defendants had actual knowledge their failure to pay Plaintiff full and timely payment of all wages due and owing for all compensable work performed in the Commonwealth of Virginia was in direct violation of Plaintiff's compensation rights.

50.     The foregoing conduct, as alleged above, constitutes a willful violation of the VWPA timely wage payment mandate.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages amounts proven at trial, plus statutory liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*